**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL REYNOLDS, | ) | CASE NO. 5:22-cv-1924 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| AMAZON AKCI, *et al.*, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Michael Reynolds ("Reynolds" or "plaintiff") filed this employment discrimination action under Title VII, 42 U.S.C. § 2000e against Amazon AKCI and Tanko Adumu. In the complaint, Reynolds alleges he was unjustly terminated from employment. He seeks monetary damages and reinstatement to his former job.

Reynolds also filed an application to proceed *in forma pauperis* (Doc. No. 2). That application is granted.

## I. Background

Plaintiff's complaint contains no factual allegations. He states only that:

1. Wrongful termination based on a discriminatory motive which was false and not true.

2. Failed to act reasonably under the circumstances.

3. Discriminated against because position is higher (unintelligible).

4. Without just cause I was terminated for something not connected to work.

(Doc. No. 1 at 5-6). Reynolds indicates in his prayer for relief that Tanko Adumu made "this false allegation which cause me to be terminated." (*Id*. at 7.) The complaint contains no other allegations.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S.

at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

The Court is aware that, at this stage, Reynolds is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513–14, 122 S. Ct. 992, 152 L. Ed. 2d 1(2002). Nevertheless, he must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 550 U.S. at 677–78. The factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Id.*

Plaintiff's complaint never rises above the speculative level. The Court is left to guess at what happened to Reynolds, why he feels he was treated differently than others, and what he believes is the basis of the discrimination. This is not sufficient to cross the threshold of basic pleading requirements in federal court. *See* Fed. R. Civ. P. 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations"); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

## IV. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 13, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**